EDWARD W. GRIFFIN, Appellant, *v.* VALENTINE H. KETCHUM, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A plea to an action upon a promissory note, in the hands of a *mala fide* assignee, which avers that the note was given for a horse, which the payee warranted, and that the horse did not answer the warranty, whereby the defendant sustained damage, etc., offering to set off, etc., is good.

THIS was an action of assumpsit, commenced by the appellee against the appellant.

The action was upon a promissory note, made by the appellant, in the words and figures following, to wit:

$400.                                CHICAGO, March 10, 1856.
     Sixty days after date, I promise to pay to the order of George Wilder, four hundred dollars, at Exchange Bank.   Value received.
                 (Signed)                         E. W. GRIFFIN.

And enclosed, when received by the attorneys for the appellees, as follows:   "George Wilder & Co., pay Shumway, Waite & Towne, or order.   V. H. KETCHUM."

The declaration contains a special count upon the note, and the common counts, in the usual form.   The first or special count states, that the appellant made his certain promissory note, in writing, bearing date, etc., and delivered the same to one George Wilder, and that, in and by said note, the appellant, by the name, style and description of E. W. Griffin, promised to pay to the order of the said George Wilder, sixty days after the date thereof, which period hath now elapsed, the sum of four hundred dollars, at the Exchange Bank, for value received.   And that the said George Wilder, by the name and style of George Wilder & Co., to whom, or to whose order, said note was payable, then and there indorsed, and, under his hand, assigned the said note to the appellee, and then and there delivered the same to him, so indorsed, and that, by means thereof, the appellant became liable to pay the note to the appellee.

The copy of the note attached to the declaration describes the indorsement as follows:   "Endorsed, George W. Wilder & Co."

The appellant pleaded, first, the general issue, with an affidavit of merits; and secondly, two special pleas to the first count of the declaration, the first averring that the note was assigned to the appellee, after it became due and payable, according to its tenor and effect; and the second averring that the said note was assigned to the appellant, without any consideration being paid therefor, by the appellee, or by any person in his behalf, and each of said special pleas, averring that, on the said tenth day of March, the day and year in said first count mentioned, in consideration that the appellant, at the special instance and request of the said George Wilder, would buy of the said George Wilder a certain horse, at, and for the sum of money in the said promissory note mentioned, to wit, the sum of four hundred dollars, to be thereafter paid by the appellant, he, the said George Wilder, undertook, and there faithfully promised the appellant that the said horse was a kind and gentle horse, and suitable for family uses; that, confiding in the said promise and undertaking of the said

George Wilder, the appellant did, on the day and year aforesaid, buy the said horse of the said George Wilder, at and for the sum of four hundred dollars, and then and there, in consideration thereof, and to secure the payment of the said sum of money, made and executed to the said George Wilder the promissory note in the first count mentioned; that the said George Wilder, contriving and fraudulently intending to injure the appellant, did not perform or regard his said promise and undertaking, but thereby deceived and defrauded him in this, to wit, that the said horse, at the time of the making of the said promise and undertaking of the said George Wilder, was not kind and gentle, or suitable for family uses, but, on the contrary thereof, was vicious and unmanageable, and wholly unfit for family uses, and was of very little use or value to the appellant, and that he had been put to great charges and expense in feeding, keeping and taking care of the said horse, in the whole amounting to the sum of five hundred dollars, and that he has sustained damage by reason of the non-performance of the said promise and undertaking by said Wilder to the sum of five hundred dollars, which sum exceeded the damages sustained by the appellee, by reason of the non-performance of the promise and undertaking in the first count mentioned; and that, out of said sum of money so due and owing to the appellant, by said George Wilder, the appellant was ready and willing, and thereby offered to set off and allow to the appellee the full amount of the said damages, according to the statute in such case made and provided; concluding with a verification, and praying judgment.

To the second and third pleas the plaintiff below filed a general demurrer, which was sustained by the court, and the cause came on for trial upon the general issue at the February term, 1847, and, by agreement of the parties, was submitted to the court, J. M. WILSON, Judge, presiding, without the intervention of a jury.

The bill of exceptions is here inserted at length.

BE IT REMEMBERED, That on the thirteenth day of February, A. D. 1857, said day being one of the days of the February term of said court, in the year aforesaid, the said cause came up for trial upon the issue aforesaid, and a jury being waived, and the respective parties agreeing to submit the said cause to the court for determination, without the intervention of a jury, the plaintiff offered in evidence a certain promissory note, in the words and figures following, to wit:

$400.     CHICAGO, March 10, 1856.

Sixty days after date, I promise to pay to the order of George Wilder, four hundred dollars, at the Exchange Bank. Value received.

No. —. Due ———.     E. W. GRIFFIN.

Upon the back of which said promissory note, at the time when the same was offered in evidence, as aforesaid, were written indorsements in the words and figures, and with the erasure following, to wit: "George Wilder, & Co.," pay Shumway, Waite & Towne, or order, V. H. KETCHUM;" to the introduction and reading of which said promissory note, and the indorsements thereon, in evidence, the defendant, by his counsel, then and there objected, which objection was sustained by the court. The plaintiff then called, as a witness, Edward P. Towne, who, being duly sworn, testified as follows:

I am a member of the firm of Shumway, Waite & Towne, the attorneys for the plaintiff in this cause. The note here offered in evidence was sent to us for collection. When received by us it was indorsed, in blank, "George Wilder & Co.," and specially indorsed to us by the plaintiff as follows: "Pay Shumway, Waite & Towne, or order, V. H. KETCHUM." I at first thought of bringing suit upon the note in the name of the payee, George Wilder, and while intending so to do, and previous to the commencement of this suit, I erased, with a pen, the words "& Co.," then intending to erase all the indorsements upon said note, thereby changing the indorsement in blank from "George Wilder & Co." to "George Wilder." I afterward concluded to bring the suit in the name of the plaintiff, and then endeavored to obliterate the erasure I had made of the words "& Co," but did not succeed in so doing. The counsel for the plaintiff then erased the special indorsement to them, and inserted over the indorsement in blank, the words, "Pay Valentine H. Ketchum, or order," and the said promissory note, and the indorsement and insertion aforesaid, as follows:

$400.                                                        CHICAGO, March 10, 1856.
    Sixty days after date, I promise to pay to the order of George Wilder, four hundred dollars, at Exchange Bank. Value received.
No. —.   Due ———.                                          E. W. GRIFFIN.

Indorsement thereon: "Pay Valentine H. Ketchum, or order, GEORGE WILDER & Co.," were then read in evidence, to the reading of which, in evidence, the defendant, by his counsel, then and there objected, and the court, overruling such objection, the defendant, by his counsel, then and there duly excepted to the ruling of the court in receiving the said note, and allowing the same to be read in evidence.

And this being all the evidence offered, the court thereupon found the issue for the plaintiff in said cause, and assessed the damages at the sum of four hundred and eighteen dollars; and the defendant, by his counsel, thereupon entered a motion for a new trial of said cause, and counsel having been heard,

the court overruled said motion for a new trial, to which ruling and decision of the court the defendant, by his counsel, then and there duly excepted, and prayed an appeal therefrom, which was granted.

And forasmuch as the several matters hereinbefore stated do not otherwise appear, the defendant, by his counsel, hereby prays that this, his bill of exceptions, may be duly signed and sealed, and made a part of the record of said cause, which is done. JOHN M. WILSON. [SEAL.]

HOYNE, MILLER and LEWIS, for Appellant.

SHUMWAY, WAITE and TOWNE, for Appellee.

CATON, J. The two special pleas, to which the demurrer was sustained, show that the plaintiff below was a *mala fide* assignee of the note, and that the note was given for a horse, which the payee of the note warranted, and that the horse did not answer the warranty, whereby the defendant had sustained damages to more than the amount due on the note, and offered to set off, etc. These pleas were good as pleas of of set-off. As the identical question has been repeatedly decided by this court, we do not think it necessary to discuss the question further, but will merely refer to the cases ·of *Sargent* v. *Kellogg,* 5 Gilm. R. 273, and *Hamlin* v. *Kingsley,* 12 Ill. R. 342.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*